IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LAFRANCES MARIA DUDLEY O'NEAL**,

    **Petitioner,**

v.                    **Civil Action No. 1:16-cv-03848**

**BARBARA RICKARD, Warden,**
**Alderson FPC,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On April 22, 2016, LaFrances Maria Dudley O'Neal (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 2). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petition for a Writ of Habeas Corpus and **DISMISS** this action from the docket of the Court.

I. **Relevant History**

On March 27, 2013, Petitioner was found guilty by a jury, duly empaneled and

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and, therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

sworn in the United States District Court for the District of Columbia, of one count of conspiracy to commit bank fraud and mail fraud and three counts of bank fraud. *See United States v. O'Neal*, Case No. 1:11-cr-00355-RBW at ECF No. 111 (D.D.C. Mar. 27, 2013).[2] On September 4, 2013, Petitioner was sentenced to forty-eight months of imprisonment on each of the four counts, with the sentences to run concurrently. (*Id.* at ECF No. 153). On September 11, 2013, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the District of Columbia. (*Id.* at ECF No. 150). On December 27, 2016, the Court of Appeals affirmed Petitioner's conviction and sentence. *See United States v. O'Neal*, Appellate Case No. 13-3085 (D.C. Cir. Dec. 27, 2016). Petitioner was released from custody on January 6, 2017 and left no forwarding address.[3]

## II. The Instant Petition for a Writ of Habeas Corpus

Notwithstanding that her direct appeal was still pending in the United States Court of Appeals for the District of Columbia, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 2). Six days later, the undersigned ordered Petitioner to pay the $5.00 filing fee, or submit a fully completed and verified Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). Instead of doing either one, Petitioner scrawled nonsense on the Order and returned the defaced copy to the Clerk of Court for filing. (ECF No. 5). Petitioner has yet to pay the filing fee or submit a valid *in forma pauperis* application.

In this action, Petitioner contends that she has been "kidnapped" and is being

---

[2] The undersigned has used the PACER system to locate documents filed in other federal actions involving Petitioner and takes judicial notice of those documents. *See Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009) (A court may take judicial notice of the contents of court documents); *also Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989).

[3] See www.bop.gov/inmateloc

2

wrongfully imprisoned as she is "not the 'person' LAFRANCES DUDLEY O'NEAL" who was charged with the crimes of conviction and is described on prison documents. (*Id.* at 2). Instead, she claims to be "a national citizen of the nation of the Continental United States, the three branch Constitutional Republic under the Jurisdiction of the Bill of Rights as reserved 'without prejudice UCC 1-308'" and, consequently, is "the beneficiary and not the trustee of [her] strawman trust account" (*Id.* at 7, 9). Petitioner claims that she has already "pre-paid" for her crimes and demands immediate release from Alderson Prison Camp. (*Id.*). She also requests that all records concerning her criminal case be expunged and that she be immune from future prosecution.

### III.   Discussion

Although 28 U.S.C. § 2241 provides a general grant of habeas corpus authority, § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). Found at 28 U.S.C. § 2255(e), the "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of Section 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357

(S.D.W.Va. 2001). Rather, the savings clause creates an exceptionally narrow opening through which a petitioner may pass when her § 2241 claim contains all three of the following characteristics: (1) at the time of her conviction, the settled law of the circuit or the Supreme Court established the legality of her conviction; (2) subsequent to her direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which she was convicted is now deemed not to be criminal; and (3) she cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Here, Petitioner challenges the validity of her federal judgment and sentence; therefore, her claim should be brought under 28 U.S.C. § 2255, unless she can demonstrate that the remedy under § 2255 is inadequate or ineffective. Petitioner makes no such showing. To the contrary, Petitioner argues that she was never properly charged with a crime; that when her name was spelled in all capital letters on the charging and prison documents it did not refer to her; and that she was illegally imprisoned, because she had already "pre-paid" for her crimes "through her birth certificate" under the "Jurisdiction of the Bill of Rights as reserved 'without prejudice UCC 1-308.'" (ECF No. 2 at 7, 9). None of these allegations is pertinent to the saving clause of § 2255. Accordingly, Petitioner does not satisfy any one of the *Jones* criteria and, thus, her claim is not cognizable under § 2241.

Given that Petitioner's claim is not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the Court chooses to dismiss the § 2241 petition, then

4

Petitioner's claim is at an end in this jurisdiction because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Consequently, Petitioner would be required to re-file her claim in the United States District Court for the District of Columbia.

On the other hand, this Court may construe the petition as a § 2255 motion and dispose of it. Because this Court would lack jurisdiction over Petitioner's § 2255 motion, the Court would either have to dismiss the motion, or transfer it to the District of Columbia for further proceedings. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The transfer of a matter is "in the interest of justice" when the claims raised are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the district with jurisdiction if they were dismissed in the district contemplating transfer. *See Wilson v. Williamson*, Case No. 5:02-cv-1309, 2006 WL 218203, * 2 (S.D. W. Va Jan. 25, 2006). "[W]here a petitioner's right to the 'great writ' is at stake, there are few scenarios where it would not be in the interest of justice to transfer the petition to the proper court. *United States v. McNeill,* 523 F.App'x 979, 984 (4th Cir. 2013). Two such scenarios, however, include those involving petitions that are frivolous, and those where petitions are clearly time-barred. *Id.* (citing *Phillips v. Seiter,* 173 F.3d

5

609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources); (*Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1001 (Fed.Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

The undersigned **FINDS** that Petitioner's petition should be dismissed rather than recharacterized and transferred, because it is frivolous. Petitioner cites no support for her contention that the capitalization of her name voids her indictment, trial, conviction, and sentence. Her allegation that LAFRANCES DUDLEY O'NEAL refers to a "strawman" similarly has no legal basis. *See Herrington v. Bezotte,* 2015 WL 268412, at *4 (citing *United States v. Humphrey,* 287 F.3d 422, 435 (6th Cir. 2002) ([T]he Uniform Commercial Code is inapplicable to criminal proceedings and cannot bar jurisdiction over a criminal defendant.") Given the facial insufficiency of Petitioner's grounds for habeas relief, the undersigned **FINDS** no meritorious basis upon which to recharacterize and transfer the petition to the District of Columbia.

## IV.    Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing

this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** January 19, 2017

Cheryl A. Eifert
United States Magistrate Judge